947 F.2d 953
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert GIBBS, Petitioner-Appellant,
v.
WYANDOTTE COUNTY COURT; Attorney General of Kansas,
Respondents-Appellees.
 No. 91-3188.
 United States Court of Appeals, Tenth Circuit.
 Oct. 15, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-appellant Robert Gibbs appeals the district court's denial of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Gibbs appeals on the grounds that he was denied effective assistance of counsel by his attorney in the state court proceedings and that his guilty plea was not knowing and voluntary. Petitioner further alleges that he has been denied access to materials and documents that would have assisted him in his defense and in the various proceedings and filings in which he has been involved. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 After a full review of the record, we agree with the district court that Gibbs has not shown that he is entitled to habeas corpus relief. We presume the correctness of state court findings of fact in habeas corpus actions. See 28 U.S.C. § 2254(d). Thus, in order to prove that his plea of guilty was not knowing and voluntary, Gibbs must demonstrate that the state court's factual determinations were erroneous. Gibbs has made no such showing. Further, the record reveals that the state district court held a full evidentiary hearing in which the petitioner's attorney testified that Gibbs' constitutional rights and the plea agreement were fully explained. Gibbs' attorney and girlfriend also testified that when Gibbs entered his plea of guilty he did not appear to be under the influence of drugs.
 
 
 4
 Gibbs also argues that he was denied effective assistance of counsel. The record demonstrates that petitioner's attorney provided adequate representation under the Supreme Court's standard enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Gibbs' allegations fail to establish any deficient performance on the part of his attorney.
 
 
 5
 Finally, petitioner's allegations with respect to denial of access to various documents are nonspecific and conclusory. Petitioner has wholly failed to show which documents were denied him or any prejudice that might have resulted to him. The petition to proceed in forma pauperis in GRANTED. See 28 U.S.C. § 1915(a). We agree with the district court that the petitioner's allegations on appeal are conclusionary and frivolous. Therefore, we DENY the certificate of probable cause, 28 U.S.C. § 2253, and DISMISS the appeal. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3